Case 4:03-cr-00346   Document 302   Filed in TXSD on 01/31/17   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent. § | |
| § | |
| § | CRIMINAL NO. H-03-0346-1 |
| VS. § | CIVIL ACTION H-14-207 |
| § | |
| JOHN CALLEN, JR., § | |
| § | |
| Defendant/Movant, § | |

**OPINION AND ORDER**

Pending before the Court are the following matters: (1) Movant John Callen Jr.'s ("Callen's") motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (#260 in H-03-CR-346, #1 in H-14-CV-207); (2) Callen's motion to supplement his § 2255 motion and second amendment (supplement) to his § 2255 motion (#282-1 in H-03-CR-346); (3) the United States' motion to dismiss (#277 in H-03-CR-346) Callen's § 2255 motion; (4) Callen's motion for leave to file addendum to pending motion to vacate and supplemented petition (#286 in H-03-CR-346) adding nine issues relating to his claim that he was denied his right to a speedy trial and to appeal that denial; (5) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#287 in H-03-CR-346, #5 in H-14-CV-207) that Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and supplement be denied and the Government's motion to dismiss be granted; (6) Callen's motion for summary judgment (instrument #288 in H-03-CR-346) that

-1-

the warrant for his arrest expired long before his second arrest and guilty plea and therefore the charges against him should be dismissed and his judgment and sentence be vacated, and Callen's second motion for summary judgment (#294 in H-03-CR-346),[1] the latter simply asking that the former, #288, be granted; (7) Callen's objection to #287 (#289 in H-03-CR-346); (8) Magistrate Judge's second memorandum and recommendation (#298 in H-03-CR-346 at pp.8-9, citing her first memorandum and recommendation (#287 at pp. 18-20); #6 in H-14-CV-207) that Callen's first motion for summary judgment be denied as time-barred; (9) Callen's motion for extension of time (#299) to file objection to #298; and (9) Callen's motion to stay pending appeal (petition for writ of mandamus) to the United States Supreme Court (#300).

As matters for quick housekeeping, because the Government did not object to Callen's motion to supplement his § 2255 motion and has responded to its new claims, the Court grants the motion for leave to supplement (#282). Because the Supreme Court denied Callen's petition for writ of certiorari (#301) on May 17, 2016, the Court finds that Callen's motion for stay (#300) is MOOT.

---

[1] Callen filed a petition for writ of mandamus with the Fifth Circuit (#295), arguing that the Fifth Circuit should direct the district court to grant his motion for summary judgment because the Government had not responded. That petition was denied and the Fifth Circuit stated that this Court should consider the motion for summary judgment as part of Callen's § 2255 proceedings. #296. Magistrate Judge Stacy did so in her second memorandum and recommendation (#298), as well as addressed Callen's objection (#289) to her first memorandum and recommendation (#287).

Callen's second motion for summary judgment (#294) asking that the first motion for summary judgment be ruled on is mooted by this Opinion and Order. Callen's motion for extension of time (#299), filed on February 22, 2016, states that because he wants time to obtain "advice from a much more advanced lay person," because library hours are limited, and because he works in food-service during the day shift, he was unable to get to the library within fourteen days of the issuance of the Magistrate Judge's second memorandum and recommendation. The passage of four months since then should have given him the opportunity to go to the library and file an objection if he had one, but he has not done so. Therefore the Court DENIES the motion for extension of time (#299).

**Standard of Review**

Title 28 U.S.C. § 636(b)(1)(B) provides,

> [A] judge may also designate a magistrate judge to conduct hearings including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

When timely objections are made to the magistrate judge's memorandum and recommendation, 28 U.S.C. § 636(b)(1), the district court "shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." *See Wilson*, 492 U.S. at 1221. Objections timely filed within fourteen days of entry of the Magistrate

Judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. *Byars v. Stephens*, No. 5:13-CV-189-DAE, 2014 WL 1668488, at *2 (Apr. 14, 2014), *citing Thomas v. Arn*, 474 U.S. 140, 151 (1985).  The court does not have to consider "'[frivolous, conclusive, or general objections.'" *Id., citing Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

When no timely objection to a magistrate judge's memorandum and recommendation is filed by any party, the district court need only satisfy itself that there is no plain error in the magistrate judge's findings of fact and conclusions of law. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2008).

Failure to file timely objections bars a party from attacking factual findings on appeal, and, absent plain error, from attacking conclusions of law on appeal.  *Scott v. J.P. Morgan Chase Bank, N.A.*, 2014 WL 4167980, *1 (S.D. Tex. Aug. 19, 2014), *citing Douglass v. United States Auto. Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. section 636(b)(1)(extending time to file objections from 10 to 14 days).

**Section 2255 and The Sixth Amendment Right to Counsel**

Once a defendant has been convicted and has exhausted or

waived his right to appeal, a Court may presume that he "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore there are only four grounds recognized as basis for relief under § 2255: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.").

Issues that were raised and addressed during direct appeal may not be asserted again under § 2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). If the Petitioner failed to challenge his conviction or sentence on direct review, but raises either constitutional or jurisdictional error for the first time on collateral review, he must first show both cause for his procedural default and actual prejudice resulting from the claimed error, or must show that he is actually innocent. *Bousley v. U.S.,* 523 U.S. 614, 622 (1998); *Segler*, 37 F.3d at 1133. If the claimed error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of

justice.  *Segler*, 37 F.3d at 1133.  A claim for ineffective assistance of counsel, however, may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal.  *Massaro v. U.S.*, 538 U.S. 500, 509 (2003).

### Ineffective Assistance of Counsel

Ineffective assistance of counsel is a recognized basis for invalidating a conviction under the Sixth Amendment. *United States v. Urias-Marrufo*, 744 F.3d 362, 365 (5th Cir. 2014). An ineffective assistance of counsel claim under the Sixth Amendment is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). To prevail on such a claim, a petitioner must show by a preponderance of the evidence that (1) counsel's performance was deficient, i.e., that counsel made errors so serious that he or she was not functioning as "counsel" guaranteed by the sixth amendment and fell below an objective standard of reasonableness, and (2) that the defense was prejudiced by that deficient performance, i.e., that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different and the petitioner was thus deprived of a fundamentally fair trial and reliable outcome. *Id.* at 694; *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *U.S. v. Wines*, 691 F.3d 599, 611 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 892 (5th Cir. 2013). The likelihood of a different result must be substantial, not merely conceivable:

"Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, whose result is reliable.'"  *Harrington v. Richter*, 526 U.S. 86, 104 (2011), *citing Strickland*, 466 U.S. at 687.  The court may examine either *Strickland* prong first and if it is found to be dispositive, it is not necessary to address the other.  *United States v. Webster*, 392 F.3d 787, 794 & n.12 (5th Cir. 2014), *citing Buxton v. Lynaugh*, 879 F.2d 140, 142 (5th Cir. 1989).  "Judicial scrutiny of counsel's performance must be highly deferential," making every effort to "eliminate the distorting effects of hindsight," and there is a strong presumption that strategic or tactical decisions made after an adequate investigation lie within the wide range of an objectively reasonable performance.  *Strickland*, 466 U.S. at 689.  "'A conscious and informed decision of trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'" *United States v. Holmes*, 406 F.3d 337, 360 (5th Cir. 2005), *quoting Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003).  "We will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices." *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999), *quoting Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

Conclusory allegations of ineffective assistance of counsel

are insufficient to raise a constitutional issue. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

A defendant's Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), *citing inter alia McMann v. Richardson*, 397 U.S. 759, 771 (1970). A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant except where the ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984). The defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Under the Sixth Amendment, applicable to the States under the Fourteenth Amendment, convicted persons are also entitled to effective assistance of counsel on first appeal as of right. *Cuyler v. Sullivan*, 446 U.S. 333 (1980); *Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353, 356-57 (1963); *U.S. v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993).[2]

---

[2] The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, provides that an attorney must be appointed for a financially eligible person in criminal proceedings "from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings," or who "is entitled to appointment of counsel under the sixth amendment to the Constitution," § 3006(a)(1)(H), (c). *Adelke v. United States*, 550 Fed. Appx. 237, 239 (5th Cir. 2013). Postconviction proceedings do not qualify as "ancillary proceedings under § 3006A, and there is no

**Callen's First § 2255 Motion and Supplement**

Charged with two co-conspirators, Maximiano De Leon and Fidencio Chapa, Jr., Callen pled unconditionally guilty, without a plea agreement, to the following three counts on the day trial was to commence: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 846; (2) possession with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); and (3) aiding and abetting in the laundering of monetary instruments in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i). He was sentenced to 188 months of incarceration for each count, to run concurrently, a five-year term of supervised release, a $300 special assessment and a $5,000 fine. On appeal the Fifth Circuit held that Callen's claim of speedy trial violation had been waived because he entered an unconditional guilty plea, which waived all nonjurisdictional defects in prior proceedings.

Callen's initial § 2255 motion raises the following claims for relief: (1) ineffective assistance of counsel in violation of Callen's Sixth Amendment right during sentencing phase of criminal proceedings by failing to familiarize himself with and understand

---

constitutional right to counsel in postconviction proceedings. *Id.* A court may appoint counsel "for any financially eligible person who . . . is seeking relief" under 28 U.S.C. § 2255 if it "determines that the interests of justice so require." *Id.*, *citing* CJA, 18 U.S.C. § 3006(A).

the United States Sentencing Guidelines, resulting in their misapplication and a higher sentence for Callen; (2) ineffective assistance of counsel during plea negotiations when counsel failed to define for Callen the legal meaning of "mixture or substance," as employed in Count 2, failed to inform him how the Sentencing Guidelines applied to his case, and failed to tell him that he would be pleading guilty to an offense that would permit a sentence enhancement; and (3) ineffective assistance of counsel on appeal "when he abandoned" Callen and did not file an appeal or even a notice of appeal of his sentence because counsel believed that some undefined illegal activity had occurred during Callen's sentencing.

In his "Amendment" (#282) to his § 2255 motion Callen adds the following claims for relief: (1) counsel was ineffective for failing to obtain consent from the Court or the Government to appeal the Court's denial of his motion to dismiss for violation of his right to a speedy trial; (2) counsel was ineffective for failing to seek a conditional plea that would allow him to appeal the issue of the speedy trial violation or a plea agreement that would have given him an additional one-point reduction in his base offense level pursuant to U.S.S.G. § 3E.1(b) and ultimately a lower sentence; and (3) counsel was ineffective in failing to preserve the speedy trial issue for appeal.

Callen moved for leave to file an attached proposed supplemental § 2255 petition (#286), with the attachment adding to

his claims of ineffective assistance of counsel at the plea stage that counsel led him to plead guilty (1) by erroneously stating that Callen's offense level under the Sentencing Guidelines would be 32 and (2) by failing to advise Callen that if he pled guilty to distribution of cocaine, he could be punished for relevant conduct in uncharged heroin and marijuana distribution, based on a preponderance of the evidence standard; (3) by asserting that Callen could appeal the denial of his motion to dismiss the indictment based on the violation of his right to a speedy trial if he made an open plea of guilty; and (4) by failing at the sentencing phase to investigate and interview mitigation witness Deborah Wright and failing to argue adequately that Callen should be given the third point for acceptance of responsibility.

Callen's objection (#289) to the first memorandum and recommendation and his motion for summary judgment argue that the arrest warrant issued on September 5, 2003 did not survive the six-year statute of limitations in 26 U.S.C. § 6531 for "criminal prosecutions," given the passage of seven years and four months after his indictment was handed down, during which the Government claims he was a fugitive living under a false name in Detroit, Michigan, until he was again arrested and arraigned on February 18, 2011 and even more time before he was rearraigned on February 7, 2012 on the original indictment. Callen contends that the warrant that issued on August 15, 2003 expired on August 14, 2009, before

his arrest in 2011, and therefore the charges against him must be dismissed and the judgment and sentence vacated.

The Magistrate Judge recommended in her first memorandum and recommendation (#287 at pp. 18-20) and in her second (#298 at pp. 8-9) that the Court deny the motion for leave to file the proposed supplemental § 2255 petition (#286) as time-barred. The Court agrees with her reasons. Moreover the Magistrate Judge opined, and this Court concurs as a matter of law, that even if proposed supplemental § 2255 petition (#286) had been timely filed, the claims do not apply because the six-year statute of limitations on which Callen relied, 26 U.S.C. § 6531,[3] applies to offenses under the internal revenue laws, not to the drug and money laundering charges that were brought against Callen. That statute of limitations argument was also the basis for Callen's first motion for summary judgment, so it is denied for the same reason.

This statute of limitations issue is the only objection that Callen has filed to the Magistrate Judge's memorandum and recommendation. Therefore the Court has reviewed the remainder of Magistrate Judge's memoranda and recommendations for plain error in the facts and the law.

## COURT'S CONCLUSIONS AND ORDERS

Having carefully reviewed the above listed documents and all

---

[3] Section 6531 expressly states at the very beginning, "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws . . . ."

responses and replies, the Court fully concurs with the Magistrate's first and second memoranda and recommendations (#287 and 298) as to both the facts and the law, and finds no error. Accordingly the Court hereby

ADOPTS both memoranda and recommendations (#287 and 298) as its own and

ORDERS the following:

(1)  Callen's motion to supplement his § 2255 motion (#282) is GRANTED;

(2) Callen's motion to stay (#300) is MOOT;

(3) Callen's second motion for summary judgment (#294) is MOOT;

(4) Callen's motion for extension (#299) is DENIED;

(5) Callen's motion for leave to file (#286) is DENIED as time-barred and futile;

(6) Callen's motion for summary judgment (#288) is DENIED as a matter of law;

(7) Callen's Objection (#289) is OVERRULED; and

(8) the Government's motion to dismiss (#277) is GRANTED WITH PREJUDICE.

Furthermore, an appeal from a denial of federal habeas corpus relief may only proceed if the district court issues a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b). "A certificate of appealability may issue . . . only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), citing Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court denies a § 2255 motion on the merits, to warrant a certificate of appealability a Movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Hanry v. Cockrell*, 327 F.2d 429, 431 (5th Cir. 2003). A district court may deny a certificate of appealability *sua sponte*. *Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008), *citing Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court finds that given the facts of his offense, arrests, and unconditional guilty plea, Callen has failed to show a denial of his constitutional rights or that any of his claims for relief are subject to debate among jurists of reason. Accordingly the Court

ORDERS that a certificate of appealability is DENIED.

A final judgment will issue by separate instrument.

**SIGNED** at Houston, Texas, this  31st  day of  January , 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE